STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.
**1** Valuation of Security     **0** Assumption of Executory Contract or Unexpired Lease     **5** Lien Avoidance

Last revised: December 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:   **Troy Allen Panfile**

Case No.:  **18-14124**
Judge:  **Hon. Sherwood**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included
☑ Modified/Notice Required
☐ Modified/No Notice Required

Date:  **June 26, 2018**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **RIL**     Initial Debtor:  **TAP**     Initial Co-Debtor  _____

1

### Part 1: Payment and Length of Plan

a. The debtor shall pay __250.00 Monthly__ to the Chapter 13 Trustee, starting on __April 1, 2018__ for approximately __36__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☑ Sale of real property
  Description: __296 Ramapo Valley Road, Mahwah, NJ__
  Proposed date for completion: __Expected to be completed at time of confirmation__
- ☐ Refinance of real property:
  Description:
  Proposed date for completion:
- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☑ **Other information that may be important relating to the payment and length of plan:**
There is presently a short sale approval motion to be heard on July 5, 2018 for the sale of 296 Ramapo Valley Rd. Mahwah, NJ.

### Part 2: Adequate Protection    [X] NONE

a. Adequate protection payments will be made in the amount of $___ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ___ (creditor).

b. Adequate protection payments will be made in the amount of $___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| None | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor

**Astor Realty Group first mortgage on 146 Wilson Street in Boonton is current and will be paid outside the Plan.**

**Harley Davidson Credit on a 2014 Harley Davidson is current and will be paid outside the Plan.**

### g. Secured Claims to be Paid in Full Through the Plan ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |
|  |  |  |

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
   ☐ Not less than $____ to be distributed *pro rata*
   ☐ Not less than ___ percent
   ☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions    ☐ NONE

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☐ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Midland Funding LLC | 296 Ramapo Valley Rd., Mahwah, NJ | Judicial DJ-101006-2017 | 1,045.61 + costs | 285,000. | wild card balance | 515,000. | 1,045.61 + costs |
| Valley National Bank | 296 Ramapo Valley Rd., Mahwah, NJ | Judicial DJ-033253-2015 | 6,336.67 +costs | 285,000. | wild card balance | 515,000. | 6,336.67 + costs |
| State of NJ Certif. of debt | 296 Ramapo Valley Rd., Mahwah, NJ | Judical #DJ--173287-2014 | 5,394.86 + 4,039.49 w/int. from 8/15/14 | $285,000. | wild card balance | 515,000. | 9,434.35 + int. from 8/15/14 |
| State of NJ Certif. of debt | 296 Ramapo Valley Rd., Mahwah, NJ | Judical #DJ--005155-2014 | 15,500. | $285,000. | wild card balance | 515,000. | 15,500 |
| TD Auto Finance | 296 Ramapo Valley Rd., Mahwah, NJ | Judicial #J-049847-2017 | 13,149.91 | $285,000. | wild card balance | 515,000. | 13,149.91 |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

5

## Part 8: Other Plan Provisions

a. Vesting of Property of the Estate
- [✓] Upon Confirmation
- [ ] Upon Discharge

b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
6) General Unsecured Claims

d. Post-Petition Claims

The Standing Trustee [✓] is, [ ] is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification   [X] NONE

If this Plan modifies a Plan previously filed in this case, complete the information below
Date of Plan being modified: **March 29, 2018**

| Explain below **why** the plan is being modified. | Explain below **how** the plan is being modified. |
|---|---|
| To change Plan from 100% to pro-rata and to add judgments being avoided as impairing exemptions. Add the prior secured creditors Astor Realty and Harley Davidson Credit as unaffected by the Plan | Remove Astor Realty and Harley Davisdon from sections 4(a) and (b) and add them to 4(f). Add judgment lienholders to Motions section. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   [ ] Yes   [ ] No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
- [✓] NONE
- [ ] Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date   June 26, 2018        /s/ Ronald I LeVine
                            Ronald I LeVine
                            Attorney for the Debtor
Date:  June 26, 2018        /s/ Troy Allen Panfile
                            Troy Allen Panfile
                            Debtor

6

Date _____
Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan

Date   June 26, 2018         /s/ Ronald I LeVine
                             Ronald I LeVine
                             Attorney for the Debtor

I certify under penalty of perjury that the above is true

Date.  June 26, 2018         /s/ Troy Allen Panfile
                             Troy Allen Panfile
                             Debtor

Date _____
Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:  
Troy Allen Panfile  
    Debtor

Case No. 18-14124-JKS  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 2     Date Rcvd: Aug 08, 2018  
                       Form ID: pdf901     Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 10, 2018.

```
db          +Troy Allen Panfile,   146 Wilson Street,    Boonton, NJ 07005-2235
cr          +Deutsche Bank National Trust Company,    Robertson, Anschutz & Schneid,
              6409 Congress Ave, Suite 100,    Boca Raton, FL 33487-2853
r           +Joseph McGreevy,   73 Mountainview Boulevard,    Wayne, NJ 07470-6709
517439240   +American Express,   POB 981537,    El Paso, TX 79998-1537
517461245    American Express National Bank,    c/o Becket and Lee LLP,    PO Box 3001,
              Malvern  PA 19355-0701
517439236   +Astor Realty Corporation,   700 Pennsylvania,    Avenue,   Lyndhurst, NJ 07071-1620
517439241   +Bank of America,   POB 15220,    Wilmington, DE 19886-5220
517439243   +Citi Com Lending CRP,   POB 769004,    San Antonio, TX 78245-9004
517491278   +Deutsche Bank National Trust Company,    ROBERTSON, ANSCHUTZ & SCHNEID, P.L.,
              6409 Congress Ave,   Suite # 100,    Boca Raton Fl. 33487-2853
517364931   +Deutsche Bank, as Trustee for GSAA Equii,    attn: Udren Law Offices,    111 Woodcrest Road,
              Cherry Hill, NJ 08003-3620
517439238   +Harley Davidson Credit,   5505 N Cumberland,    Avenue #301,    Chicago, IL 60656-4761
517633828   +Harley-Davidson Credit Corp,    Rebecca A. Solarz, Esquire,    KML Law Group, P.C.,
              216 Haddon Avenue, Ste. 406,    Westmont, NJ 08108-2812
517404158   +Harley-Davidson Credit Corp.,    PO Box 9013,    Addison, Texas 75001-9013
517439245   +Midland Funding LLC,    Attn: Credit One Bank,    POB 98875,    Las Vegas, NV 89193-8875
517439246   +Midland Funding, LLC,    Attn: Pressler & Pressler, LLP,    7 Entin Road,
              Parsippany, NJ 07054-5020
517609059   +NJ State Dept of Labor Wage & Hour Compl,    1 John Fitch Placa,    POB 389,
              Trenton, NJ 08625-0389
517513696    Ocwen Loan Servicing, LLC,    ATTN: Bankruptcy Department,    P.O. Box 24605,
              West Palm Beach, FL 33416-4605
517439239   +Ocwen Loan Servicing, LLC,    POB 660264,    Dallas, TX 75266-0264
517609060   +TD Auto Finance,    Attn: Deily & Glastetter, LLP,    8 Southwoods Blvd, Suite 207,
              Albany, NY 12211-2554
517439247    TD Auto Finance,   Clifton, NJ
517439249   +The Port Authority of NY & NJ,    Attn: Peter C. Merani, PC,
              1001 Avenue of the Americas, Suite,    1800,    New York, NY 10018-5515
517639278    The Port Authority of New York and New Jersey,    4 WTC, 150 Greenwich St, 24th Floor,
              New York, NY 10007
517491230   +VNB Loan Services Inc,    747 Chestnut Ridge Road,    Chestnut Ridge, NJ 10977-6224
517488307   +VNS Loan Services Inc.,    747 Chestnut Ridge Rd,    Chestnut Ridge, NY 10977-6224
517439250   +Valley National Bank,    POB 954,    Wayne, NJ 07474-0954
517609058   +Valley National Bank,    Attn: Schatzman Baker,    731 Alexander Road,    Princeton, NJ 08540-6345
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg          E-mail/Text: usanj.njbankr@usdoj.gov Aug 08 2018 23:34:15     U.S. Attorney,    970 Broad St.,
              Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 08 2018 23:34:12     United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
              Newark, NJ 07102-5235
517439242    E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 08 2018 23:40:07     Capital One Bank,
              15000 Capital One Drive,    Richmond, VA 23238
517467802    E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 08 2018 23:39:32
              Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
517439244   +E-mail/Text: ering@cbhv.com Aug 08 2018 23:34:07     Collection Bureau Hudson Valley,
              155 N Plank Road,    Newburgh, NY 12550-1748
517481368   +E-mail/Text: bankruptcydpt@mcmcg.com Aug 08 2018 23:34:11     MIDLAND FUNDING LLC,
              PO Box 2011,    Warren, MI 48090-2011
517431212    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 08 2018 23:39:34
              Portfolio Recovery Associates, LLC,    c/o Capital One Bank (USA), N.A.,    POB 41067,
              Norfolk VA 23541
517439248    E-mail/Text: bankruptcy@td.com Aug 08 2018 23:34:18     TD Bank, N.A.,    POB 9547,
              Portland, ME 04112
                                                                                                TOTAL: 8
```

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
517439237*   +Deutsche Bank, as,    Trustee for GSAA Equii,    attn: Udren Law Offices,    111 Woodcrest Road,
              Cherry Hill, NJ 08003-3620
                                                                                    TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-2          User: admin              Page 2 of 2            Date Rcvd: Aug 08, 2018
                              Form ID: pdf901          Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 10, 2018                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 8, 2018 at the address(es) listed below:
              Aleisha Candace Jennings    on behalf of Creditor   Deutsche Bank National Trust Company
               ajennings@rasflaw.com
              Denise E. Carlon    on behalf of Creditor    Harley-Davidson Credit Corp dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    Harley-Davidson Credit Corp rsolarz@kmllawgroup.com
              Robert   Wachtel    on behalf of Debtor Troy Allen Panfile rwachtel@ronlevinelaw.com,
               irr72645@notify.bestcase.com
              Ronald I. LeVine    on behalf of Debtor Troy Allen Panfile ronlevinelawfirm@gmail.com,
               irr72645@notify.bestcase.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```